IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAWAL O. BABAFEMI**                                              **PETITIONER**

**V.**                          **CIVIL ACTION NO. 3:24-cv-54 CWR-LGI**

**WARDEN UNKNOWN BAYSORE**                         **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Lawal BabaFemi, currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. BabaFemi contends that the Bureau of Prisons ("BOP") has failed to credit him with Earned Time Credit under the First Step Act of 2018. Respondent asserts that the petition should be dismissed for lack of exhaustion, or alternatively on the merits. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons below.

The First Step Act ("FSA") provides that eligible inmates may earn FSA Time Credits towards pre-release custody (*i.e.*, home confinement or halfway house placement), or an early transfer to supervised release, if they complete BOP approved "evidence-based recidivism reduction programs or productive activities" that are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2). Not all prisoners, however, may earn FSA time credits. § 3632(d)(4)(A). A prisoner "is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction"

for one of the enumerated offenses in § 3632(d)(4)(D), which includes "any section of chapter 113B, relating to terrorism." Respondent asserts that BabaFemi not only failed to exhaust his administrative remedies but is statutorily ineligible for application of FSA time credits because he was convicted of, and is serving a sentence for, a disqualifying offense under 18 U.S.C. § 3632(d)(4)(D).

An inmate challenging the computation and execution of his sentence, including his eligibility under the FSA, must complete all steps in the administrative remedies process before filing a 28 U.S.C. § 2241 petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Boatwright v. Reiser*, No. 3:21CV245 CWR-LGI, 2023 WL 6396057, at *1 (S.D. Miss. Aug. 29, 2023), *report and recommendation adopted sub nom.* No. 3:21-CV-245-CWR-LGI, 2023 WL 6394380 (S.D. Miss. Sept. 29, 2023) (petitioner must exhaust his FSA claim before filing federal habeas petition). *Lee v. Reiser*, No. 3:20CV713 HTW-LGI, 2023 WL 9601443, at *2 (S.D. Miss. Mar. 7, 2023), *report and recommendation adopted,* No. 3:20-CV-713-HTW-LGI, 2024 WL 534945 (S.D. Miss. Feb. 9, 2024) (same). That process requires that an inmate must first file a BP-8 form requesting informal resolution. If this fails, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the Bureau's Central Office within 30 days of the Regional

Director's response.  Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies.  28 C.F.R. § 542.10–542.19.

Petitioners must pursue the "grievance remedy to conclusion" properly utilizing all four levels of the administrative process in the manner prescribed. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019).  But when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).  "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review."  *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62).  If an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

Respondent contends that BabaFemi's petition should be dismissed because he failed to exhaust his administrative remedies. As evidence in support, Respondent submits BabaFemi's SENTRY records documenting his use of the BOP's administrative remedies program while incarcerated.  Of the administrative remedies filed, three appear to relate to his FSA eligibility claim:  Remedy ID Nos. 1175814-R1, 1173791-A1, and

3

117391-A2. None of these, Respondent submits, were filed at "the correct stages," however.

BabaFemi disagrees. He supports this contention with copies of his administrative remedy forms asserting same, along with their rejection notices. A neutral review of these records, however, indicates that he failed to utilize all four levels of the administrative remedies process in the manner prescribed. Indeed, though he disputes BOP's finding that his filings were noncompliant, the rejection notices he submits outline the reasons for the rejections: failing to file appeals at proper levels.

But even if the Court were to find sufficient evidence establishing exhaustion, BabaFemi is not entitled to the FSA credit he seeks. A list of disqualifying offenses under the FSA includes "any section of chapter 113B, relating to terrorism." *See* 18 U.S.C. § 3632(d)(4)(D)(xlvii) & 18 U.S.C.A. Pt. I, Ch. 113B. BabaFemi's offense—providing material support or resources to a designated foreign terrorist organization—is expressly listed as one of them. 18 U.S.C.A. Pt. I, Ch. 113B, 18 U.S.C. § 2339B(a)(1). Though he claims to have been merely convicted of the conspiracy to commit the offense, this is a distinction without a difference. Moreover, the judgment from the district of his conviction shows he pled guilty to both the conspiracy and the substantive crime of that conspiracy. *United States v. BabaFemi*, No. 13-CR-0109 BMC, ECF No. 61 (E.D.N.Y. Aug. 17, 2015); *see also Reynolds v. Williams*, 2022 WL 970587, at *5 (S.D. Ill., 2022) (finding petitioner convicted of same offense not entitled to FSA credit). Consequently, BabaFemi is ineligible to receive FSA Time Credits.

For these reasons stated, the undersigned submits that his petition be dismissed for failure to exhaust administrative remedies, or alternatively on the merits.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 30, 2024.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
